IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

DIGITAL VERIFICATION SYSTEMS, LLC,   )
           )
       Plaintiff,   )
           )
     v.   )   C.A. No. 23-458 (CJB)
           )
FORMASSEMBLY INC.,   )   **DEMAND FOR JURY TRIAL**
           )
       Defendant.   )

### DEFENDANT FORMASSEMBLY, INC.'S ANSWER, DEFENSES AND COUNTERCLAIMS TO PLAINTIFF'S COMPLAINT FOR PATENT INFRINGEMENT

Defendant FormAssembly Inc. ("FormAssembly"), through its counsel, hereby responds to the Complaint for Patent Infringement (D.I. 1) (the "Complaint") filed by Plaintiff Digital Verification Systems, LLC ("DVS"), and asserts Defenses and Counterclaims.  The numbered paragraphs below correspond to the numbered paragraphs in Plaintiff's Complaint.  Pursuant to Federal Rule of Civil Procedure 8(b)(3), to the extent not specifically admitted herein, FormAssembly denies the Complaint's allegations.

### THE PARTIES

1.     FormAssembly lacks sufficient knowledge or information to form a belief as to the allegations in this paragraph and on that basis denies them.

2.     Admitted.

### JURISDICTION AND VENUE

3.     Paragraph 3 contains a legal conclusion to which no response is required.  To the extent a response is required, FormAssembly admits that the Complaint purports to state a claim for patent infringement arising under the patent laws of the United States, 35 U.S.C. § 271 *et seq.* FormAssembly further admits that the Complaint purports to seek damages.  Otherwise denied.

4.     Paragraph 4 contains a legal conclusion to which no response is required.  To the extent a response is required, FormAssembly admits that this Court has subject matter jurisdiction over cases arising under the patent laws of the United States, pursuant to 28 U.S.C. §§ 1331 and 1338(a).  Otherwise denied.

5.     Paragraph 5 contains a legal conclusion to which no response is required.  To the extent a response is required, FormAssembly does not contest personal jurisdiction for the purpose of this action only.  Otherwise denied.

6.     Paragraph 6 contains a legal conclusion to which no response is required.  To the extent a response is required, denied.

7.     Paragraph 7 contains a legal conclusion to which no response is required.  To the extent a response is required, FormAssembly does not contest venue for the purpose of this action only.  Otherwise denied.

### PATENT-IN-SUIT

8.     FormAssembly admits that the U.S. Patent No. 9,054,860 (the "'860 patent" or "Asserted Patent") titled "Digital Verified Identification System and Method" was issued by the United States Patent and Trademark Office ("USPTO") on June 9, 2015.  FormAssembly admits that Exhibit A attached to the Complaint appears to be a copy of the '860 patent.  Otherwise denied.

9.     Paragraph 9 contains a legal conclusion to which no response is required.  To the extent a response is required, FormAssembly lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 9, and therefore denies them.

10.     Paragraph 10 contains a legal conclusion to which no response is required.  To the extent a response is required, FormAssembly lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 10, and therefore denies them.

11.    FormAssembly admits that the '860 patent lists Leigh M. Rothschild as the inventor.  FormAssembly lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 11, and therefore denies them.

12.    FormAssembly lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 12, and therefore denies them.

13.    FormAssembly lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 13, and therefore denies them.

14.    Paragraph 14 contains a legal conclusion to which no response is required.  To the extent a response is required, FormAssembly responds that the language of the claims in the '860 patent speaks for itself.  Otherwise denied.

15.    Paragraph 15 contains a legal conclusion to which no response is required.  To the extent a response is required, FormAssembly admits that the application for the '860 patent was filed on January 2, 2008.  Otherwise denied.

16.    FormAssembly admits that Plaintiff filed suit against it for alleged infringement of the '860 patent.  Otherwise denied.

17.    Paragraph 17 contains a legal conclusion to which no response is required.  To the extent a response is required, FormAssembly responds that the language of the specification in the '860 patent speaks for itself.  Otherwise denied.

18.    Paragraph 18 contains a legal conclusion to which no response is required.  To the extent a response is required, FormAssembly responds that the language of the specification in the '860 patent speaks for itself and FormAssembly admits that the application for the '860 patent was filed on January 2, 2008.  Otherwise denied.

19.     Paragraph 19 contains a legal conclusion to which no response is required.  To the extent a response is required, FormAssembly responds that the language of the specification in the '860 patent speaks for itself.  Otherwise denied.

20.     Paragraph 20 contains a legal conclusion to which no response is required.  To the extent a response is required, FormAssembly responds that the language of the claims in the '860 patent speaks for itself.  Otherwise denied.

21.     Paragraph 21 contains a legal conclusion to which no response is required.  To the extent a response is required, FormAssembly responds that the language of the claims in the '860 patent speaks for itself.  Otherwise denied.

22.     Paragraph 22 contains a legal conclusion to which no response is required.  To the extent a response is required, FormAssembly responds that the language of the claims in the '860 patent speaks for itself.  Otherwise denied.

23.     Paragraph 23 contains a legal conclusion to which no response is required.  To the extent a response is required, FormAssembly responds that the language of the claims in the '860 patent speaks for itself.  Otherwise denied.

24.     FormAssembly responds that the prosecution history of the '860 patent speaks for itself.  Otherwise denied.

25.     FormAssembly responds that the prosecution history of the '860 patent speaks for itself.  Otherwise denied.

26.     Paragraph 26 contains a legal conclusion to which no response is required.  To the extent a response is required, FormAssembly responds that the prosecution history of the '860 patent speaks for itself.  Otherwise denied.

27.     Paragraph 27 contains a legal conclusion to which no response is required.  To the extent a response is required, FormAssembly denies that all of the '860 patent claims were properly issued, and are valid and enforceable.  For instance, on August 27, 2018, the Patent Trial and Appeal Board (the "Board") instituted *inter partes* review of all challenged claims (i.e. Claims 23-39 of the '860 patent), (IPR2018-746, Paper 9 at 2 (PTAB Aug. 27, 2018) (Institution Decision)), and on October 4, 2018, counsel for Patent Owner, DVS, represented that it is "abandoning the contest" and "do[es] not oppose the [B]oard entering an adverse judgment against the Patent Owner," (IPR2018-746, Ex. 1014 at 5-7 (PTAB Oct. 4, 2018) (Board Conference Call Transcript)).  On October 10, 2018, the Board entered an adverse judgment against the Patent Owner.  IPR2018-746, Paper 12 (PTAB Oct. 10, 2018) (Adverse Judgment).  FormAssembly further denies that DVS is entitled to any post-expiration damages for any alleged infringement.  Otherwise denied.

28.     Paragraph 28 contains a legal conclusion to which no response is required.  To the extent a response is required, FormAssembly responds that the prosecution history of the '860 patent speaks for itself.  Otherwise denied.

## COUNT 1
### (Infringement of United States Patent No. 9,054,860)

29.     FormAssembly incorporates by reference its responses to each of the preceding paragraphs as if fully set forth herein.

30.     Paragraph 30 contains a legal conclusion to which no response is required.  To the extent a response is required, FormAssembly admits that the Complaint purports to state a claim arising under the patent laws of the United States, and in particular under 35 U.S.C. § 271, *et seq.* Otherwise denied.

31.     Paragraph 31 contains a legal conclusion to which no response is required.  To the extent a response is required, FormAssembly denies that the Complaint constitutes knowledge of infringement.  FormAssembly denies the allegations of this paragraph.

32.     Paragraph 32 contains a legal conclusion to which no response is required.  To the extent a response is required, FormAssembly denies the allegations of this paragraph.

33.     Denied.

34.     Denied.

35.     Denied.

36.     Denied.

37.     Denied.

38.     Paragraph 38 contains a legal conclusion to which no response is required.  To the extent a response is required, FormAssembly admits that Exhibit B attached to the Complaint purports to be a claim chart for claim 1 of the '860 patent.  FormAssembly denies the remaining allegations of this paragraph.

39.     FormAssembly incorporates by reference its Answer, Defenses and Counterclaims, as if fully set forth herein.  To the extent a further response is required, FormAssembly admits that Exhibit B attached to the Complaint purports to be a claim chart for claim 1 of the '860 patent.  FormAssembly denies the remaining allegations of this paragraph.

40.     Paragraph 40 contains a legal conclusion to which no response is required.  To the extent a response is required, FormAssembly denies the allegations of this paragraph.

41.     Paragraph 41 contains a legal conclusion to which no response is required.  To the extent a response is required, FormAssembly denies the allegations of this paragraph.

42.     Paragraph 42 contains a legal conclusion to which no response is required.  To the extent a response is required, FormAssembly denies the allegations of this paragraph.

43.     Paragraph 43 contains a legal conclusion to which no response is required.  To the extent a response is required, FormAssembly denies the allegations of this paragraph.

## PRAYER FOR RELIEF

FormAssembly incorporates by reference all preceding paragraphs of this Answer as if fully set forth herein.  FormAssembly denies all of the allegations contained in the Prayer for Relief of the Complaint.  FormAssembly further denies that Plaintiff is entitled to any relief, including the relief requested in the Prayer for Relief of the Complaint and any other relief whatsoever from FormAssembly.

## DEMAND FOR JURY TRIAL

To the extent a response is required, FormAssembly admits that DVS has requested a jury trial for all issues so triable.  FormAssembly denies all remaining allegations in this paragraph.

## DEFENSES

Pursuant to Fed. R. Civ. P. 8(c), without altering any applicable burdens of proof, and without prejudice to the denials set forth in this Answer, FormAssembly further responds to the Complaint with the defenses set forth below.  FormAssembly expressly reserves the right to supplement this Answer, including the right to assert additional defenses as more information is learned through discovery and factual investigation.  FormAssembly does not intend to hereby assume the burden of proof with respect to those matters as to which, pursuant to law, DVS bears the burden of proof.

## FIRST AFFIRMATIVE DEFENSE
### (Lack of All Substantive Rights)

To the extent that DVS lacks all substantive rights to bring suit and to exclude others

from practicing the claims of the '860 patent, DVS's claims are barred by a lack of standing.

## SECOND AFFIRMATIVE DEFENSE
### (Failure to State a Claim)

The Complaint fails to state any claim against FormAssembly upon which relief may be granted.

## THIRD AFFIRMATIVE DEFENSE
### (Invalidity)

Every claim of the Asserted Patent is invalid and/or unenforceable for failure to meet one or more patentability requirements of 35 U.S.C. § 101, *et seq.*, including but not limited to 35 U.S.C. §§ 101, 102, 103, 112, 116, 119, and/or 120 as well as the rules, regulations, and laws pertaining thereto, and/or for obviousness-type double patenting, and/or under other judicially-created bases for invalidation.

## FOURTH AFFIRMATIVE DEFENSE
### (Issue and/or Claim Preclusion)

DVS's claims for relief, in whole or in part, are barred by the equitable doctrines of issue preclusion and/or claim preclusion based on statements, representations, and admissions made during IPR2018-745, IPR2018-746, and *Ex parte* Leigh M. Rothschild Appeal No. 2012-006844. Issue and/or claim preclusion bars DVS from relitigating issues of fact and/or law necessary for the Court to rule in its favor in this action.  At a minimum, DVS is barred from recovering any pre-suit damages as a result of preclusion.

## FIFTH AFFIRMATIVE DEFENSE
### (Unclean Hands, Waiver, Laches, Acquiescence, and/or Implied License)

DVS's claims for relief, in whole or in part, are barred by the equitable doctrines of unclean hands, waiver, laches, acquiescence, and/or implied license.  At a minimum, DVS is barred from recovering any pre-suit damages as a result of waiver and/or laches.

### SIXTH AFFIRMATIVE DEFENSE
### (Prosecution History Estoppel)

DVS is estopped from construing any claim of the Asserted Patent to be infringed or to have been infringed, either literally or under the doctrine of equivalents, by any method or product manufactured, used, imported, sold or offered for sale by FormAssembly in view of the prior art and because of admissions, statements or narrowing amendments that the applicant made to the USPTO during prosecution of the applications, leading to the issuance of the Asserted Patent.

### SEVENTH AFFIRMATIVE DEFENSE
### (Assignor Estoppel)

DVS's claims for relief, in whole or in part, are barred by the doctrine of assignor estoppel.

### EIGHTH AFFIRMATIVE DEFENSE
### (Exhaustion)

DVS's claims for relief, in whole or in part, are barred by the doctrine of exhaustion.

### NINTH AFFIRMATIVE DEFENSE
### (Limitation on Damages)

DVS's claims for relief, in whole or in part, are limited under 35 U.S.C. §§ 286-288.

### TENTH AFFIRMATIVE DEFENSE
### (Injunctive Relief Unavailable)

DVS is not entitled to injunctive relief because, at a minimum, DVS has an adequate remedy at law, DVS will not suffer immediate or irreparable harm, and because DVS's claims otherwise fail to meet the requirements for such relief.

### ELEVENTH AFFIRMATIVE DEFENSE
### (Ensnarement)

DVS's claims are barred, in whole or in part, by the doctrine of ensnarement.

## TWELFTH AFFIRMATIVE DEFENSE
### (No Exceptional Case or Willful Infringement)

DVS's Complaint fails to state a proper claim for enhanced or increased damages because FormAssembly has not engaged in any conduct that meets the applicable standard for an exceptional case and/or willful infringement.  This is particularly true because DVS has failed to allege any pre-suit knowledge of the '860 patent.

## THIRTEENTH AFFIRMATIVE DEFENSE
### (Territoriality)

To the extent that DVS's claims are directed to acts occurring outside the United States, those claims for relief are barred or limited by the doctrine of territoriality by 35 U.S.C. § 271 *et seq.*, including but not limited to §§ 271(a) and (c).

## FOURTEENTH AFFIRMATIVE DEFENSE
### (Reservation of Rights)

FormAssembly reserves the right to assert each and every other defense or Counterclaim that may become evident in the course of discovery or this litigation.

## FORMASSEMBLY'S PRAYER FOR RELIEF ON PLAINTIFF'S COMPLAINT

WHEREFORE, FormAssembly prays that this Court enter an order:

A.      Dismissing the Complaint, with prejudice, and denying Plaintiff any relief including the relief requested in the Complaint;

B.      Denying Plaintiff any award of damages, costs, or fees;

C.      Declaring this case exceptional and awarding FormAssembly reasonable attorneys' fees;

D.      Awarding FormAssembly its costs; and

E.      Granting any other relief this Court may deem just and proper.

## COUNTERCLAIMS

Without admitting to any allegations identified in the Complaint for Patent Infringement (D.I. 1) (the "Complaint") other than those expressly admitted herein, and without prejudice to the rights of FormAssembly Inc. ("FormAssembly") to plead additional Counterclaims as the facts of the matter warrant, Defendant and Counterclaim-Plaintiff, FormAssembly, hereby submits these counterclaims against Digital Verification Systems, LLC ("DVS") ("Plaintiff" or "Counterclaim-Defendant") and alleges as follows:

1.     FormAssembly brings these Counterclaims seeking a declaratory judgment of non-infringement and invalidity of U.S. Patent No. 9,054,860 (the "'860 patent" or "Asserted Patent").

2.     FormAssembly repeats and incorporates by reference each of the foregoing paragraphs of FormAssembly's Answer and Defenses.

## THE PARTIES

3.     FormAssembly is a Delaware corporation with its principal place of business at 885 S College Mall Rd., #399, Bloomington, IN 47401.

4.     On information and belief, DVS is a Texas limited liability company with a place of business at 1 East Broward Boulevard, Suite 700, Ft. Lauderdale, FL 33301.  *See* D.I. 1, ¶ 1.

## JURISDICTION AND VENUE

5.     These Counterclaims arise under the United States Patent Act, 35 U.S.C. § 1 *et seq.* This is an action for declaratory relief for which this Court has jurisdiction under 28 U.S.C. §§ 1331, 1338, 1367, 2201, and 2202.

6.     Through its Complaint, DVS charges FormAssembly with infringement of one or more claims of the Asserted Patent.  Thus, by filing its Complaint against FormAssembly, DVS

has consented to personal jurisdiction, created an actual case or controversy between the parties, and asserted that venue is proper in this Court.

7.     To the extent the underlying action brought by DVS against FormAssembly proceeds in this District, then venue as to these Counterclaims is proper under 28 U.S.C. §§ 1391(c) and 1400(b) because DVS has consented to the personal jurisdiction of this Court and because the facts and circumstances alleged in these Counterclaims are related to the facts and circumstances alleged in its Complaint.  *See* D.I. 1.

8.     DVS, in its Complaint, asserts claims against FormAssembly for infringement of the Asserted Patent.  DVS further asserts that the Asserted Patent is valid and enforceable.

9.     FormAssembly, in the Answer and Defenses to DVS's Complaint, denies the claims of infringement and alleges that the Asserted Patent is invalid and/or unenforceable.

10.    An actual controversy has arisen and now exists between FormAssembly and DVS as to the non-infringement and invalidity of the patent asserted in the Complaint.

## FACTUAL ALLEGATIONS

11.    DVS alleges that FormAssembly "has infringed and continues to infringe one or more claims . . . of the '860 [p]atent . . . ."  D.I. 1, ¶ 32.

12.    DVS alleges that the Asserted Patent relates to "a system and method for verifying and/or authenticating the identification of an entity associated with an electronic file, such as, for example, the digital signatory thereof."  *Id.*, ¶ 17.

13.    The face of the '860 patent indicates that its title is "Digital Verified Identification System and Method" and was issued by the United States Patent and Trademark Office ("USPTO") on June 9, 2015.  The '860 patent lists Leigh M. Rothschild as the inventor, and the

USPTO Assignment Database identifies DVS as the current assignee, executed on May 16, 2016. *See* Reel 038645, Frame 0647.[1]

14.     DVS contends that it is the owner of all rights, title, and interest in and to the '860 patent, including the right to enforce the '860 patent.  D.I. 1, ¶¶ 9-10.

15.     As of the filing date of these Counterclaims, DVS has asserted the '860 patent in 60 actions including the present action, and against 59 different Defendants in 20 district courts across the country, since May 12, 2016.

16.     As of the date these Counterclaims are filed, 57 of the 60 actions have been dismissed between 64 and 173 days after DVS filed its complaint, and the median termination date is 106 days.[2]

17.     On or about February 1, 2011, during prosecution of the '860 patent (the "'860 PxHx"), Examiner Louie rejected Claim Nos. 1-44 pursuant to 35 U.S.C. § 101 ("Section 101"), Claim No. 1 pursuant to 35 U.S.C. § 103 ("Section 103"), and Claim No. 16 pursuant to 35 U.S.C. § 112 ("Section 112").

18.     Examiner Louie's February 1, 2011, Section 112 rejection was based on his opinion that the "cooperatively structured" language in Claim 16 was indefinite.

19.     The "cooperatively structured" language in Claim 16 appears in issued Claim 1.

---

[1] Accessible at https://legacy-assignments.uspto.gov/assignments/assignment-pat-38645-647.pdf.

[2] *See* LexMachina, Timing Analytics, https://law.lexmachina.com/shared/eyJzaGFyZWRfcGFnZV9pZCI6Nzc2ODd9.ZIdzJw.nIEdGsa7PgonU2iPFqE7-_k5sIs.

20.     On or about April 5, 2011, during the '860 PxHx, applicant Rothschild by and through his counsel ("Applicant") amended at least Claim 1 to add the following language, "said at least one digital identification module is cooperatively structured to be embedded within only a single electronic file."

21.     On or about April 5, 2011, during the '860 PxHx, Applicant stated, "A software module/component, per se, is incapable of creating a digital identification module."  Applicant further stated, "In fact, a software, per se, is incapable of performing any function.  Only when software is coupled to hardware is software capable of performing a particular function."

22.     On or about April 5, 2011, during the '860 PxHx, Applicant stated, "Therefore, properly construed, the claimed 'module generating assembly' must include hardware, and thus, independent Claims 1 and 24 are directed to statutory subject matter within the meaning of 35 U.S.C. § 101."

23.     On or about April 5, 2011, during the '860 PxHx, Applicant stated, "The claimed limitations refer to 'a single electronic file' (emphasis added)."

24.     Applicant made the statement quoted in paragraph 23 to overcome the prior art cited by the Examiner.

25.     On or about June 15, 2011, during the '860 PxHx, the Examiner again rejected at least Claim 1 citing Section 101, Section 103, and Section 112.

26.     On or about October 27, 2011, during the '860 PxHx, Applicant filed an Appeal Brief before the Board of Patent Trials and Interferences (the "Board").

27.     Regarding Section 112, Applicant stated in its Appeal Brief, "As stated in *Metabolite Labs., Inc. v. Lab. Corp. of Am. Holdings*, 370 F.3d 1354, 1366[ ] (Fed. Cir. 2004),

14

'[o]nly when a claim remains insolubly ambiguous without a discernible meaning after all reasonable attempts at construction must a court declare it indefinite.'"

28.     The insolubly ambiguous standard was overturned in *Nautilus, Inc. v. Biosig Instruments, Inc.*, 572 U.S. 898, 899, 901, 911-12 (2014).

29.     Regarding Section 101, Applicant again stated in its Appeal Brief, "A software module/component, per se, is <u>incapable</u> of creating a digital identification module.  In fact, a software, per se, is incapable of performing any function.  Only when software is coupled to hardware is software capable of performing a particular function.  Therefore, properly construed, the claimed 'module generating assembly' must include hardware, and thus, independent claims 1 and 24 are directed to statutory subject matter within the meaning of 35 U.S.C. § 101."

30.     Regarding Section 103, Applicant again stated in its Appeal Brief, "The claimed limitations refer to 'a <u>single</u> electronic file' (emphasis added)."

31.     On November 28, 2014, the Board reversed the Examiner and stated, "Accordingly, the Examiner has not persuasively explained how Caphyon's digital certificate with a validity period teaches 'within *only* a single electronic file.'"  '860 PxHx, *Ex parte* Leigh M. Rothschild, Appeal 2012-006844 at 6 (PTAB Nov. 28, 2014); IPR2018-746, Ex. 1004 at 357 (PTAB Mar. 6, 2018) ('860 PxHx); *see* IPR2018-746, Paper 9 at 13 n.5 (Institution Decision).

32.     On or about November 28, 2014, during the '860 PxHx, regarding Section 101, the Board made the following finding:

**Rejection of Claims 1–16, 18–25, and 27 under 35 U.S.C. § 101**

The Examiner finds claims 1–16, 18–25, and 27 are non-statutory because they are drawn to software modules and do not recite hardware. Ans. 7 and 40. Appellant contends the claims must include hardware because in order to create a digital identification module, the software that performs the function must be coupled to hardware. App. Br. 8–9; Reply Br. 4. We agree with Appellant.

The Specification describes the limitation "digital identification module" as "one or more objects, codes and/or other devices" (Spec. 7:14–15). Here, the Specification recites hardware, software, or a combination of both. *Id.* Claims 1–16, 18–25, and 27 are limited to hardware or the combination of hardware and software because the claim is a system claim that must have corresponding structure to perform the functional limitation of the software.

Accordingly, for the reasons stated *supra*, we do not sustain the Examiner's rejection of claims 1–16, 18–25, and 27 under 35 U.S.C. § 101.

33.     On or about November 28, 2014, during the '860 PxHx, the Board did not follow the test set forth in *Alice Corp. Pty. Ltd. v. CLS Bank Int'l*, 573 U.S. 208, 218-27 (2014).

34.     On or about November 28, 2014, during the '860 PxHx, regarding Section 103, the Board reversed the Examiner because the cited prior art did not contain the claim language "'within <u>only</u> a single electronic file.'"

35.     On or about November 28, 2014, during the '860 PxHx, regarding Section 112, the Board reversed the Examiner, finding:

The Examiner finds claims 16 and 18 are indefinite because the Examiner is unsure of what the broadest reasonable interpretation entails. Ans. 5–6. In particular, the Examiner concludes the recitation "digital identification module cooperatively structured to correspond to a pre-selected electronic file" can be interpreted as "a file signed by a digital certificate." *Id.* Therefore, this recitation renders the claim indefinite. *Id.*

36.     Being able to construe a claim is no longer the test after *Nautilus, Inc. v. Biosig Instruments, Inc.*, 572 U.S. 898, 899, 901, 911-12 (2014).

37.     On or about February 13, 2015, during the '860 PxHx, in the Examiner's Statement of Reasons for Allowance, the Examiner stated, "applicant's reply and the [Board] decision make evident the reasons for allowance . . . ."

38.     On March 6, 2018, Petitioner, Askeladden LLC, filed its Petition for *Inter Partes* Review of Claims 23-39 of U.S. Patent No. 9,054,860.  IPR2018-746, Paper 1 (PTAB Mar. 6, 2018) (Petition for IPR).

39.     On August 27, 2018, the Board "determine[d] that Petitioner has shown a reasonable likelihood that it would prevail in establishing the unpatentability of each of claims 26, 27, 30-34, 37, and 38" and therefore, instituted *inter partes* review of all challenged claims (i.e. Claims 23-39 of the '860 patent) with respect to all asserted grounds of unpatentability.  IPR2018-746, Paper 9 at 2 (Institution Decision).

40.     On October 4, 2018, counsel for Patent Owner, DVS, represented to Administrative Patent Judges Jameson Lee, Daniel J. Galligan and Amber L. Hagy that it is "abandoning the contest[,]" would "not challenge [] this [B]oard['s] deci[sion] as to the IPR petition," and therefore, "do[es] not oppose the [B]oard entering an adverse judgment against the Patent Owner."  IPR2018-746, Ex. 1014 at 5-7 (Board Conference Call Transcript).

41.     On October 10, 2018, the Board entered an adverse judgment against the Patent Owner, DVS, finding Claims 23-39 of the '860 patent unpatentable.  IPR2018-746, Paper 12 (Adverse Judgment).

42.     Claims 1-22 are not patentably distinct from at least one of Claims 23-39 of the '860 patent.

43.     All claims of the '860 patent are invalid at least because the Board entered adverse judgment against the Patent Owner in IPR2018-746 and found Claims 23-39 unpatentable.

44.     Plaintiff is precluded from asserting infringement of the '860 patent and any position inconsistent with Plaintiff's disclosures in IPR2018-745 and IPR2018-746.  37 C.F.R. § 42.73(d)(3); *B&B Hardware, Inc. v. Hargis Indus.*, 135 S. Ct. 1293, 1303 (2015); *MaxLinear, Inc. v. CF CRESPE LLC*, 880 F.3d 1373, 1376 (Fed. Cir. 2018); *Ohio Willow Wood v. Alps South, LLC*, 735 F.3d 1333, 1342 (Fed. Cir. 2013); *Google LLC v. Makor Issues & Rights Ltd.*, IPR2017-00818, Paper 25 at 44 n.7 (PTAB Sept. 7, 2018); *Sovereign Software LLC v. Victoria's Secret Direct Brand Mgmt., LLC*, 778 F.3d 1311, 1319 (Fed. Cir. 2015); *see also Arthrex, Inc. v. Smith & Nephew, Inc.*, 880 F.3d 1345, 1347, 1350 (Fed. Cir. 2018).

45.     On April 25, 2023, Counterclaim-Defendant filed its Complaint, alleging infringement of the '860 patent.  D.I. 1.

46.     On May 11, 2023, FormAssembly notified Counterclaim-Defendant that based on publicly available information its claims of infringement were baseless and without merit.

47.     FormAssembly does not infringe Claim 1 at least because FormAssembly's accused product does not have "at least one digital identification module being disposable within at least one electronic file."  More specifically, FormAssembly's accused product does not dispose or permit disposal of any "digital identification module" in an "upload[ed]" file.  *See* D.I. 1-2 at 8.

48.     FormAssembly does not infringe Claim 1 at least because FormAssembly's accused product does not have "at least one digital identification module comprising at least one primary component structured to at least partially associate said digital identification module with said at least one entity."  More specifically, FormAssembly's accused product does not have a "primary component structured" to "associate" the "digital identification module" with an entity. *See* D.I. 1-2 at 9.

49.     FormAssembly does not infringe Claim 1 at least because FormAssembly's accused product does not have "at least one digital identification module [that] is cooperatively structured to be embedded within only a single electronic file."   More specifically, FormAssembly's accused product is not "cooperatively structured" to "embed[]" any "digital identification module" "**within** only a **single**" file. *See* D.I. 1-2 at 11-13.

50.     As a consequence of Counterclaim-Defendant filing suit against FormAssembly alleging infringement of "at least claim 1" of the '860 patent, an actual and justiciable controversy exists between FormAssembly and Counterclaim-Defendant concerning both non-infringement and invalidity of the '860 patent.   As such, Counterclaim-Defendant and FormAssembly have adverse legal interests concerning the Asserted Patent.   The controversy is of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.   FormAssembly will continue to be harmed absent a declaratory judgment by this Court.

## COUNTERCLAIM I
### (Declaratory Judgment of Invalidity)

51.     FormAssembly realleges and incorporates by reference the preceding Counterclaim paragraphs as if fully set forth herein.

52.     There is an actual, substantial, and continuing justiciable controversy having adverse legal interest of sufficient immediacy and reality to warrant the issuance of a declaration of rights by this Court between FormAssembly and Counterclaim-Defendants regarding, *inter alia*, invalidity of the claims of the Asserted Patent.

53.     The claims of the Asserted Patent are invalid for failure to meet the requirements of one or more sections of 35 U.S.C. §§ 101, 102, 103, 112, 116, 119, and/or 120 as well as the rules, regulations, and laws pertaining thereto, and/or for obviousness-type double patenting, and/or under other judicially-created bases for invalidation.

54.     The claims of the '860 patent are directed to unpatentable subject matter and are thus invalid under 35 U.S.C. § 101 at least because they are directed to abstract ideas of gathering and processing information, *i.e.*, the abstract idea of authenticating the identification of an entity associated with an electronic file.

55.     The claims of the '860 patent are invalid under 35 U.S.C. §§ 102 and/or 103 in light of conventional authentication techniques and the prior art that was publicly available upon the earliest priority date that the '860 patent is entitled to.

56.     There is no objective evidence of non-obviousness for the claims of the '860 patent, nor would any such evidence, should it exist, have any nexus to the claimed purported inventions of the '860 patent.

57.     The claims of the '860 patent are invalid at least because they fail to meet the definiteness, enablement, and written description requirements of 35 U.S.C. § 112, because the claims fail to particularly point out and distinctly claim the subject matter that the inventor regarded as the invention, the specification fails to sufficiently inform those skilled in the relevant art how to make and use the purported invention, and the '860 patent, as a whole, fails to disclose adequate information to demonstrate that the inventor was in possession of the claimed invention.

58.     The specification of the '860 patent does not contain a written description of the invention, and of the manner and process of making and using it, in such full, clear, concise, and exact terms as to enable any person skilled in the art to which it pertains to make and use the same.

59.     The '860 patent does not describe the manner and process of making and using the invention so as to enable a person of skill in the art to make and use the full scope of the invention without undue experimentation.

60.     FormAssembly asserts that no valid claims of the Asserted Patent exist, and that the differences, if any, between the previously adjudicated Claims 23-39 of the '860 patent and Claims 1-22 of the '860 patent do not materially alter the question of invalidity.  *Ohio Willow Wood Co. v. Alps S., LLC*, 735 F.3d 1333, 1342 (Fed. Cir. 2013).

61.     FormAssembly asserts that IPR2018-745, IPR2018-746, *Ex parte* Leigh M. Rothschild Appeal No. 2012-006844, and any of the 59 prior District Court actions initiated by DVS regarding the Asserted Patent (*see supra*, ¶¶ 15, 26-35, 38-41, 43-44), has a collateral and preclusive effect that similarly renders invalid all claims of the '860 patent.

62.     FormAssembly is entitled to a declaration that every claim of the Asserted Patent is invalid and/or unenforceable for failure to comply with one or more requirements of 35 U.S.C. §§ 101, 102, 103, 112, 116, 119, and/or 120 as well as the rules, regulations, and laws pertaining thereto, and/or for obviousness-type double patenting, and/or under other judicially-created bases for invalidation.

63.     FormAssembly is entitled to an award of costs and expenses, including reasonable attorneys' fees, to be assessed against Counterclaim-Defendant in accordance with the provisions of 35 U.S.C. § 285 or such other authorities as the Court deems applicable.

## COUNTERCLAIM II
### (Declaratory Judgment of Non-Infringement)

64.     FormAssembly realleges and incorporates by reference the preceding Counterclaim paragraphs as if fully set forth herein.

65.     There is an actual, substantial, and continuing case or controversy between FormAssembly and DVS regarding, *inter alia*, non-infringement of the claims of the '860 patent.

66.     FormAssembly has not infringed and is not infringing, either directly or indirectly, any valid and enforceable claim of the Asserted Patent, either literally or under the doctrine of equivalents.

67.     FormAssembly is entitled to a declaratory judgment that it has not and is not infringing, directly or indirectly, any valid and enforceable claim of the '860 patent, either literally or under the doctrine of equivalents.

68.     FormAssembly is entitled to an award of costs and expenses, including reasonable attorneys' fees, to be assessed against Counterclaim-Defendant in accordance with the provisions of 35 U.S.C. § 285 or such other authorities as the Court deems applicable.

## PRAYER FOR RELIEF

WHEREFORE, FormAssembly respectfully requests the following relief:

A.     A dismissal of DVS's Complaint, in its entirety, with prejudice, and a judgment entered in favor of FormAssembly;

B.     A declaration that every claim of the '860 patent is invalid;

C.     A declaration that every claim of the '860 patent is unenforceable;

D.     A declaration that FormAssembly has not infringed and is not infringing (either literally or under the doctrine of equivalents), directly or indirectly (either by inducement or contribution), any valid and enforceable claim of the '860 patent;

E.     An order enjoining DVS and any parent, subsidiary, predecessor-in-interest, and/or successor-in-interest, DVS's officers, agents, servant, employees, attorneys, and representatives, and any individuals and/or entities in active concert, participation and/or privy with DVS from charging or asserting infringement of any claim of the '860 patent against FormAssembly, its

customers, users, or anyone in privity with respect to FormAssembly's products, services, and/or activities;

     F.    An award to FormAssembly, against DVS, for the amount of damages that FormAssembly proves at trial;

     G.    An award to FormAssembly of its reasonable costs (including expert fees), expenses, and its attorneys' fees in this action, including pre-judgment interest thereon, under 35 U.S.C. § 285, 29 U.S.C. § 1927, and/or any other applicable statute or rule; and

     H.    A grant of such other and further relief as the Court deems just and equitable.

## **JURY TRIAL DEMAND**

FormAssembly demands a jury trial in this action on all issues so triable.

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

*/s/ Michael J. Flynn*
_____
Jack B. Blumenfeld (#1014)
Michael J. Flynn (#5333)
1201 North Market Street
P.O. Box 1347
Wilmington, DE  19899-1347
(302) 658-9200
jblumenfeld@morrisnichols.com
mflynn@morrisnichols.com

*Attorneys for Defendant*
*FormAssembly Inc.*

OF COUNSEL:

Brett M. Schuman
GOODWIN PROCTER LLP
Three Embarcadero Center, 28th Floor
San Francisco, CA  94111
(415) 733-6000

Eric Levi
GOODWIN PROCTER LLP
1900 N Street, N.W.
Washington, DC 20036
(202) 346-4000

June 16, 2023

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on June 16, 2023, I caused the foregoing to be electronically filed with the Clerk of the Court using CM/ECF, which will send notification of such filing to all registered participants.

I further certify that I caused copies of the foregoing document to be served on June 16, 2023, upon the following in the manner indicated:

John C. Phillips, Jr., Esquire                                              *VIA ELECTRONIC MAIL*
Megan C. Haney, Esquire
PHILLIPS, MCLAUGHLIN & HALL, P.A.
1200 North Broom Street
Wilmington, DE  19806
*Attorneys for Plaintiff*

René A. Vazquez, Esquire                                                 *VIA ELECTRONIC MAIL*
GARTEISER HONEA, PLLC
18296 St. Georges Ct.
Leesburg, VA 20176
*Attorneys for Plaintiff*

*/s/ Michael J. Flynn*
_____
Michael J. Flynn (#5333)